Turley J.
delivered the opinion of the court.
This writ of error is prosecuted to reverse a judgment rendered in the dourt below, in an action of trespass quare clan-sum, fregit. The causes of error assigned are, that the proof does not show a right to recover, and that the judge mistated the law to the jury.
The action of trespass, quare clausum fregit, is the proper remedy to recover damages for an illegal entry upon, or an immediate injury to real property corporeal in the possession of the plaintiff. Chitty on Pleading, vol. 1, 175. It is well settled in England, that the gist of this action is the injury to the possession, and that unless at the time the injury was committed the plaintiff be in actual possession, trespass cannot be supported. 1 Chitty on Pleading, 177. 5 East. 485-7. But in the the case of Brun and another vs. Schenk, 11 John. R. 385, Spencer J. says, “we have carried the principle as to real property further than has been done in England, and we allow the owner to maintain trespass without actual entry, on the principle that the possession follows the ownership, unless there he an adverse possession. This is extending the principle of constructive possession, which in England, has always been confined to personal property, to land, and perhaps the situation of our country requires that this should he done. "In England there is but little if any real estate which is not in the actual possession of some one; but in the United States, large bodies of land are lying uncultivated and uuoc-cupied, and unless the owners can be allowed to have the constructive possession thereof, and upon that possession to *312 maintain trespass against wrongdoers who have not taken possession adversely, all unoccupied lands are exposed to the ravages of every person who thinks more of his own welfare than of his neighbors rights, as there is no other remedy for casual trespasses. .But this constructive possession can never be determined to be in any other person than the legal o'wner of the premises, and has never been held to be sufficient to justify the bringing an action of trespass against a person actually in adverse possession. In this case the court below charged the jury, that either the possession, or the right to the possession would authorise the maintenance of the action. This is clearly erroneous; the right to the possession and the right of entry are synonimous terms, and authorise the bringing of an action of ejectment, but not an action of trespass.It is possible that by the right of possession the court meant constructive possession, but they are very different in their signification, and this court cannot hut think that by this charge the jury were misled, [as there is no proof of an actual or constructive possession on the part of the plaintiff, and the court Cannot see upon what principle this verdict was founded, unless it were that the plaintiff had the abstract right to the possession, because he had rented the premises at auction. The court should have charged the jury, that a constructive possession would authorise the maintenance of this action against a casual trespasser, where there was no person in the adverse possession of the disputed premises. But that the action could notbe supported under any other circumstances, unless the plaintiff were in the actual possession at the time when the injury was committed. The judgment will be reversed, and the cause remanded for a new trial.
Judgment reversed.